UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:

LINDA A. HOWE,

      Debtor.

_____/

Case No. 12-51161
Chapter 7
Hon. Walter Shapero

**OPINION REGARDING DEBTOR'S MOTION FOR SANCTIONS
FOR VIOLATION OF THE DISCHARGE INJUNCTION**

The matter before the Court is the Linda Howe's ("Debtor") Motion for Sanctions for Violation of the Discharge Injunction by Lakeshore Condominium Homeowners Association ("Creditor").

I.   Procedural Background and Facts

The Debtor, starting in the 1990's, occupied a single family condominium unit located in Waterford, Michigan. Debtor was obligated to pay some $70.00 per month to the Lakeshore Condominium Homeowners Association. She made those payments until sometime in 2008, when she, and possibly others in the development, stopped making those payments because the Association was not functioning as required under the condominium by-laws, it had no meetings, it had no board or officers, and the development was not being maintained, which allegedly negatively affected the value of the properties therein.

On September 2, 2011, Creditor filed a civil complaint against the Debtor in the 51st Oakland County District Court, Case No. 11-4415-GC, to collect over $17,000.00 in unpaid assessments, accrued charges, interest, and collection and attorney fees and costs. In January 2012, the Debtor filed a counter complaint against the Creditor alleging monetary damages in

1

excess of $25,000.00 for violation of the Michigan Condominium Act and breach of contract, among other counts. Because the amount in controversy was beyond the jurisdiction of the Oakland County District Court, the case was transferred to the Oakland County Circuit Court, Case No. 2012125068-CH ("state court case"). That litigation was active at the time the Debtor filed her Chapter 7 bankruptcy petition on May 2, 2012. The Debtor did not list that lawsuit in response to Question 4 on her Statement of Financial Affairs. She did list a pending lawsuit in the Oakland County Circuit Court that she titled "Debtors Homeowners Assoc. v. Joe DeFune and Consolidated Development." The Debtor did not list any debt owed to the Creditor on her Schedules and she did not list the Creditor on her Matrix.

The Debtor received a discharge on August 14, 2012, and the bankruptcy case was closed on August 17, 2012. The litigation between the Debtor and the Creditor was active at the time the Debtor filed her bankruptcy petition and the Creditor continued to pursue the litigation after the discharge order was entered. Despite originally being disputed, the parties agree that, for the purposes of determining damages, the Creditor received notice of the bankruptcy case and the violation of the discharge injunction began on November 26, 2012. On November 27, 2012, the Debtor filed a Motion in the state court case to enforce the discharge injunction. That Court denied the Motion on the basis that it lacked jurisdiction to grant the relief requested. In the meantime, there was a trial in the state court case scheduled for a date in March 2013. The Creditor did not take any affirmative efforts to stop or postpone the state court proceedings, and, as a result, the parties proceeded to participate in the pre-trial mediation process and prepare for trial. The mediation took place sometime in January 2013 and ended without any settlement. The trial in the state court case has been adjourned to allow the Debtor to seek relief from this Court to enforce the discharge against the Creditor.

On February 26, 2013, the Debtor filed a Motion to Re-Open her bankruptcy case in order to pursue a violation of the discharge injunction against the Creditor. On March 27, 2013, the Court entered an Order Approving Debtor's Motion to Re-Open the case. On March 28, 2013, the Debtor amended her Schedule D to list the Creditor as a secured creditor holding a disputed claim in the amount of $4,000.00.

The Debtor filed her Motion for Sanctions for Violation of the Discharge Injunction against the Creditor on April 1, 2013, and the Creditor filed its Response on April 15, 2013. The Court held a hearing on May 9, 2013, at which the Court (a) determined that the Creditor's attempt to collect pre-petition debt was a violation of the discharge injunction and sanctions were in order, and (b) set the matter for an evidentiary hearing to determine the appropriate amount of sanctions. At the June 19, 2013 evidentiary hearing, the Court took the matter under advisement and set a briefing schedule. The Debtor filed an Affidavit of Attorney Services and Billing Statement on June 27, 2013 for the services provided at the evidentiary hearing, and the parties filed their post-hearing briefs. The total amount of fees and costs requested by the Debtor is $11,530.72.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334(a), and E.D. Mich. LR 83.50.

## III. Discussion

11 U.S.C. § 524(a)(2) provides that a discharge under Title 11 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C.A. § 524(a)(2). "The Sixth Circuit has held that no

3

12-51161-wsd    Doc 39    Filed 09/24/13    Entered 09/24/13 12:40:07    Page 3 of 9

private right of action exists under 11 U.S.C. § 524 for a violation of the discharge injunction." *In re Holley*, 473 B.R. 212, 215 (Bankr. E.D. Mich. 2012) *aff'd,* 12-13088, 2013 WL 791549 (E.D. Mich. Mar. 4, 2013) (citing *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 422–23 (6th Cir. 2000). "Rather, bankruptcy courts enforce § 524 through civil contempt proceedings." *Id*. (citing *Pertuso*, 233 F.3d at 422 ("[A] debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court.")).

As stated on the record at the hearing held on May 9, 2013, the Court has concluded that the Creditor's attempt to collect the pre-petition debt was a violation of the discharge injunction and that sanctions are in order for such violation.[1]

The bankruptcy courts have civil contempt powers which "flow from Bankruptcy Code § 105 and the inherent power of a court to enforce compliance with its lawful orders." *Id*. (quoting *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001). "If a bankruptcy court finds a creditor in civil contempt for violating the discharge injunction, the court may award the debtor *compensatory* damages, including attorney fees and costs." *Id*. (citing *In re Johnson,* 439 B.R. 416, 428 (Bankr. E.D. Mich.2010), *aff'd on other grounds,* No. 10–14292, 2011 WL 1983339 (E.D. Mich. May 23, 2011); *Gunter,* 389 B.R. at 71–72; *In re Perviz,* 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003)).

---

[1] There was some issue raised at the hearing as to whether or not the debt owed by the Debtor was discharged in her case, based primarily on the unpublished decision of the Michigan Court of Appeals in *First Place Bank v. Casino Concepts by Design, Inc*., No. 2011-117075-CK, 2013 WL 331572 (Mich. App. Jan. 29, 2013) (concluding that an unscheduled debt in a no-asset Chapter 7 case was not discharged in that case). In that case, the Michigan Court of Appeals indicated that it was not bound to follow the Sixth Circuit Court of Appeals decision in *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467 (6th Cir. 1998) ("In a Chapter 7 no-asset case . . . reopening the case merely to schedule [an omitted] debt is for all practical purposes a useless gesture."). This Court is bound to follow the ruling of the Sixth Circuit Court of Appeals in *Madaj*, and therefore concludes that, in this case, where the Creditor has not asserted that the debt owed to it is non-dischargeable and has not yet filed or sought to file a non-dischargeablity complaint, the pre-petition debt is considered to be discharged for the purposes of this decision on Debtor's Motion for Sanctions for Violation of the Discharge Injunction.

In this case, the Debtor contends that all attorney fees incurred after November 26, 2012 by Edward Kickham, her attorney in the state court case, and John Steinberger, her attorney in this bankruptcy case, were reasonably necessary because of Creditor's violation of the discharge injunction and that such are recoverable as sanctions for such violation. The Debtor requests that $7,102.72 in attorney fees incurred by Edward Kickham and $4,428.00 in attorney fees incurred by John Steinberger, for a total of $11,530.72, be awarded as sanctions. The Creditor takes issue with certain entries on Edward Kickham's Statements of Services, specifically the following:

| Date | Description of Services | Hours | Amount |
|---|---|---|---|
| 1/10/13 | Draft mediation summary; Telephone conference with Oakland Mediation regarding payment; Telephone conference with L. Howe regarding mediation; Review association's mediation summary. | 0.8 | $152.00 |
| 1/25/13 | Prepare for and attend mediation; Confer with R. Toma regarding same. | 2.5 | $475.00 |
| 2/4/13 | Telephone conference with client regarding trial issues; Prepare final pretrial statement; Various conferences with R. Toma regarding trial; Review Dfouny deposition transcript and discovery documents to prepare for trial. | 2.0 | $380.00 |
| 2/6/13 | Prepare outlines of testimony; Assemble exhibits; Review and analyze legal authority on our counterclaims; Draft jury instructions; Prepare for trial; Numerous conferences with R. Toma and client regarding above. | 8.0 | $1,520.00 |
| 2/27/13 | Correspondence with opposing counsel and client regarding meeting minutes. | 0.3 | $57.00 |
| 2/28/13 | Review and analyze bylaws; Correspondence to opposing counsel regarding meeting minutes; Correspondence with client regarding same. | 0.5 | $95.00 |
| 6/11/13 | Review Federal Rule of Bankruptcy 2004 and related materials; Prepare for Rule 2004 examination of L. Howe; Correspondence to L. Howe regarding same; Telephone conference with J. Steinberger regarding deposition and evidentiary hearing; Review and analyze L. Howe's bankruptcy petition in preparation for Rule 2004 examination. | 1.5 | $285.00 |
| 6/12/13 | Attended Rule 2004 examination of L. Howe; Confer with L. Howe regarding same. | 1.2 | $228.00 |
| 6/13/13 | Telephone conference with J. Steinberger regarding Rule 2004 examination and upcoming hearing on sanctions; Review and analyze client's tax returns, pay stubs, and W-2; Correspondence and telephone conference with L. Howe regarding the above. | 0.3 | $57.00 |

5

| 6/14/13 | Review and analyze client's 2012 tax return for production to the Association. | 0.2 | $38.00 |
| 6/17/13 | Review and analyze 2012 tax return; Correspondence to opposing counsel regarding 2011 and 2012 returns; Review and analyze J. Steinberger's outline for testimony at evidentiary hearing; Correspondence and telephone conferences with J. Steinberger regarding same; Telephone conference with S. Anderson regarding settlement. | 0.4 | $76.00 |

The Creditor challenges the January 10, 2013 and January 25, 2013 charges on the basis that the services provided related to the attempted settlement of the state court case through mediation, at which both pre-petition and post-petition debts owed by the Debtor to the Creditor were at issue. In response to questioning regarding whether he considered the mediation to apply only to the post-petition claims, Mr. Kickham acknowledged that he was willing to mediate the entire case, including the pre-petition claims (which were discharged) as well as the post-petition claims (which were not discharged). The Creditor claims that the services Mr. Kickham provided at the mediation were not a direct consequence of the Creditor's violation of the discharge injunction. In response, the Debtor argues that the claim for pre-petition debt became inseparable from the claim for post-petition debt because Creditor refused to acknowledge that there was any difference between the two and that the pre-petition debt had been discharged. The Debtor claims that the bankruptcy issues had to be discussed in great detail at the mediation because $20,627.43 of the Creditor's $22,597.43 demand as of the date of the mediation (more than 90%) was for pre-petition dues, penalties, and interest. Therefore, the Debtor argues that there could be no settlement reached without addressing the claim for pre-petition debt at the mediation and that Mr. Kickham's work on the mediation was a direct consequence of the Creditor's violation of the discharge injunction. The Court concludes that the fees incurred by the Debtor for Mr. Kickham's services January 10, 2013 and January 25, 2013, totaling $627.00, were incurred as a result the Creditor's violation of the discharge injunction. If the Creditor had

6

acknowledged that its claim for the pre-petition debt had been discharged in the Debtor's bankruptcy case, it would have been unnecessary for the parties to discuss the debtor's bankruptcy in great detail at the mediation and the parties might have come to a settlement regarding the post-petition debt and the Debtor's counter-claims at the mediation.

The Creditor also challenges the February 4, 2013 and February 6, 2013 charges, as well as a portion of the February 5, 2013 charges, on the basis that the services provided related to preparation for the trial in the state court case. The Creditor claims that Mr. Kickham was unable to describe the extent to which his work related to the Creditor's violation of the discharge injunction. In response, the Debtor argues that none of the trial preparation tasks would have been necessary if the association had either recognized that the pre-petition debt had been discharged or agreed to adjourn the trial to allow the parties to seek relief in this Court. The Court agrees with the Debtor's argument and concludes that the fees incurred by the Debtor for Mr. Kickham's services on February 4, 2013 - February 6, 2013, totaling $3,610.00, were incurred as a result the Creditor's violation of the discharge injunction.

The Creditor also challenges the February 27, 2013 and February 28, 2013 charges on the basis that those charges appear to relate to matters about Association meeting minutes and the Debtor's state court counter claim. The Court concludes that the fees incurred by the Debtor for Mr. Kickham's services on February 27, 2013 and February 28, 2013, totaling $152.00, were not incurred as a result of the Creditor's violation of the discharge injunction, but were rather incurred for the purpose of prosecuting Debtor's counterclaim in the state court case. Accordingly, those fees cannot be recovered as sanctions.

The Creditor also challenges the June 11, 2013 – June 17, 2013 charges on the basis that those charges appear to relate to preparation for and attendance by Mr. Kickham at the Creditor's

2004 Examination of the Debtor. The Creditor requested a 2004 Examination of the Debtor in order to determine there were any potential causes of action against the Debtor pursuant to 11 U.S.C. §§ 523 or 727 and requested that the Debtor produce copies of her federal income tax returns pursuant to 11 U.S.C. § 521(e)(2)(A). The Creditor argues that there is no requirement that a creditor be responsible for the costs of a 2004 Examination and that the Debtor had a duty to attend the 2004 Examination and to produce the requested federal tax returns, that duty being completely separate from and not attributable to the Creditor's violation of the discharge injunction. The Court concludes that the fees incurred by the Debtor for Mr. Kickham's services on June 11, 2013 – June 17, 2013, totaling $684.00, were not incurred as a result of the Creditor's violation of the discharge injunction. The Debtor had a duty to attend the 2004 Examination and provide her tax returns to the Creditor and such cannot be attributed to the Creditor's violation of the discharge injunction. Accordingly, those fees cannot be recovered as sanctions.

The Creditor takes issue with certain entries on John Steinberger's Statement of Services, specifically the following:

| Date | Description of Services | Hours | Amount |
|------|-------------------------|-------|--------|
| 5/16/13 | Telephone call with client re: 2004 and billing. | 0.1 | $26.50 |
| 6/12/13 | Telephone call with Ed Kickham | 0.1 | $26.50 |
| 6/13/13 | E-mail with Ed Kickham with paystubs and tax return attached. | 0.1 | $26.50 |

The Creditor challenges the May 16, 2013, June 12, 2013, and June 13, 2013 charges on the basis that those charges appear to relate to preparation for the Creditor's 2004 Examination of the Debtor. For the same reasons set forth above with regard to the fees incurred by Mr. Kickham relating to the preparation for and attendance at the 2004 Examination, the Court concludes that the fees incurred for Mr. Steinberger's services on May 16, 2013, June 12, 2013,

8

12-51161-wsd    Doc 39    Filed 09/24/13    Entered 09/24/13 12:40:07    Page 8 of 9

and June 13, 2013, totaling $79.50, were not incurred as a result of the Creditor's violation of the discharge injunction. Accordingly, those fees cannot be recovered as sanctions.

IV. Conclusion

For the aforementioned reasons, the Court awards $6,266.72 of the requested $7,102.72 for the services provided by Mr. Kickham and awards $4,348.50 of the requested $4,428.00 for the services provided by Mr. Steinberger as the appropriate compensatory damages resulting from or attributable to the Creditor's violation of the discharge injunction. The Court is contemporaneously entering the appropriate order.

.

**Signed on September 24, 2013**

                                              **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**